# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 6:09-cr-135 |
| | § | |
| SCOTT ODELL WILLIS | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Defendant's motion to suppress (Doc. No. 19) was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636(b)(3). The Report of the Magistrate Judge which contains his proposed findings of fact and recommendation for the disposition of this motion has been presented for consideration (Doc. No. 28). The Government has objected to the Magistrate Judge's proposed findings and recommendation (Doc. No. 31). Defendant did not respond to these objections. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

In its objections, the Government recounts events leading up to and on the day of August 10, 2009, and highlights the egregiousness of Mr. Creson's conduct. But neither the threat Mr. Creson posed to public safety nor the officers' decision to travel to Defendant's property in an attempt to apprehend Mr. Creson goes to the existence of exigent circumstances that would justify the warrantless entry into Defendant's residence to execute an arrest warrant.

"[A] warrantless entry into a home is presumptively unreasonable." *United States v. Blount*, 123 F.3d 831, 837 (5th Cir. 1997) (en banc). An warrantless entry may nevertheless be reasonable and justified when exigent circumstances exist. *United States v. Newman*, 472 F.3d 233, 236 (5th

Cir. 2006). An exception to the warrant requirement is not typically created by events occurring hours or months before a warrantless entry or by the fact that officers were attempting to apprehend a dangerous individual. As testified at the hearing, the circumstances that related to the actual entry of Defendant's residence were those that concerned the officers' immediate safety while on Defendant's property.[1] That "exigency," and the subsequent warrantless entry, arose inevitably from the officers' decision to approach the residence and outbuildings. Accordingly, the Court is of the opinion that the Magistrate Judge's conclusion that the officers created the exigent circumstances that led to the warrantless entry into Defendant's residence is correct.

For the foregoing reasons, the Court overrules the Government's objections and hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

**SIGNED this 10th day of May, 2010.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[1] Surely the Government is not arguing the officers' entry into Defendant's residence was justified simply by their desire to apprehend Mr. Creson. Simply having an arrest warrant for a dangerous fugitive and a tip as to his whereabouts is not an exception to the warrant requirement. *See Steagald v. United States*, 451 U.S. 204, 216 (1981) (finding officers must obtain a search warrant before entering a third-party residence to execute a felony arrest warrant).